## STATE v. ROY RHYNE.

(Filed 24 April, 1929.)

**Intoxicating Liquor B a—Evidence of possession of intoxicating liquor in this case held competent.**

With evidence tending to show that at night the defendant on trial for violating the prohibition law for possession and transporting of intoxicating liquor, left his automobile on the highway and went into a wood and returned with a half-gallon jar of whiskey under each arm, which he broke and sought to escape arrest, testimony is competent that the officers returned the next morning and found five gallon cans "in the same spot where they went" as a competent circumstance with the other evidence.

CRIMINAL ACTION before *Stack, J.,* at September Term, 1928, of ANSON.

The defendant was indicted for violation of the prohibition law and was convicted of unlawful possession of intoxicating liquors and of transporting the same. He was sentenced to serve a term of six months on the roads and fined $250.00 and costs.

From judgment pronounced the defendant appealed.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*McLendon & Covington for defendant.*

PER CURIAM. The evidence tended to show that the defendant and another·drove a truck into the woods about seventy-five or one hundred yards from the public road, got out and walked back into the woods. When they returned the defendant Rhyne had a half-gallon jar of whiskey under each arm. The officers were lying in wait at the truck and the defendant broke the jars and escaped. These events took place about nine o'clock at night. The trial judge permitted an officer to

testify that early next morning he went back into the woods "in the same spot where they went" and found three five-gallon cans which were empty.

The defendant objected to this testimony and assigns the admission thereof as error.

There was ample evidence to support the conviction, irrespective of the evidence objected to. However, the finding of the empty cans at the identical spot where the defendant went the night before was a competent circumstance.

No error.